a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MIGEL TULIO #613784,                              CIVIL DOCKET NO. 1:26-CV-00206
Petitioner                                                                    SEC P

VERSUS                                                                  JUDGE DRELL

BRENT THOMPSON,                         MAGISTRATE JUDGE PEREZ-MONTES
Respondent

---

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. §

2241 filed by pro se Petitioner Migel Tulio ("Tulio"), a convicted prisoner at Raymond

Laborde Correctional Center in Cottonport, Louisiana.  Tulio asks that the Court

order his immediate and early deportation to Honduras.  ECF No. 1 at 7.

Because Tulio is not entitled to the relief requested, the Petition (ECF No. 1)

should be DENIED and DISMISSED WITH PREJUDICE.

I.    Background

Tulio alleges that he is serving a state term of imprisonment for "aggravated

felonies," as defined by 8 U.S.C. § 1227.  ECF No. 1 at 1.  He was convicted on June

21, 2013, in the 41st Judicial District Court, Orleans Parish.  *Id.*  According to the

automated inmate locator service of the Louisiana Department of Corrections, Tulio's

projected release date is in 2036.

Tulio asks that he be allowed to return to Honduras rather than serve the

remainder of his criminal sentence.

1

II.    <u>Law and Analysis</u>

"A federal court may entertain an application for a writ of habeas corpus from a person in state custody, only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983) (internal quotation marks omitted).  Habeas corpus "is not available to review questions unrelated to the cause of detention.  Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) (citing *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976)).

Tulio does not challenge the validity of his state conviction or the lawfulness of his sentence.  Nor does he argue that his state conviction or sentence was obtained by unconstitutional means or in violation of federal law.  Instead, Tulio seeks an early release from incarceration because he is subject to deportation at the completion of his sentence.

A prisoner does not possess a "constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence." *Garcia-Monroy v. MDOC*, 1:25-cv-105, 2025 WL 2601561, at *2 (S.D. Miss. Aug. 22, 2025) (internal quotations omitted) (citing *Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *May v. Texas Bd. of Pardons & Paroles*, 370 F. App'x 550, 552 (5th Cir. 2010) ("No prisoner has a constitutional right to be released before the expiration of his sentence.")).  Nor does he have the right to deport prior to the expiration of the term of incarceration.  According to 8 U.S.C. § 1228, which governs

2

the removal of aliens convicted of committing aggravated felonies, "the Attorney General shall provide for the initiation and to the extent possible, the completion of deportation proceedings . . . prior to the alien's release from incarceration."  8 U.S.C. § 1228(a)(3)(A).  The section that immediately follows, however, provides that nothing in the law "shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined."  *Id.* at § 1228(a)(3)(B).

Habeas corpus is not available to terminate a lawful criminal sentence early just so an inmate may return home—wherever that home may be.  Because the Petition fails to state a viable ground for federal habeas corpus relief, it should be denied.

## III.  <u>Conclusion</u>

Because Tulio fails to state a viable claim, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and

3

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, March 12, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

4